UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:09-bk-15238-KSJ |
| TELLIGENIX CORPORATION, | CHAPTER 11 |
| Debtor. _____/ | EMERGENCY HEARING REQUESTED ON OCTOBER 14, 2009 |

TELLIGENIX CORPORATION'S EMERGENCY MOTION:
(I) FOR TURNOVER OF PROPERTY TO THE ESTATE FROM WACHOVIA
BANK, N.A.; AND (II) TO DETERMINE APPLICABILITY OF AUTOMATIC STAY

AND

CERTIFICATE OF NECESSITY
OF REQUEST FOR EMERGENCY HEARING

TELLIGENIX CORPORATION, as the debtor-in-possession ("Debtor" or Telligenix"), hereby moves: (i) pursuant to Bankruptcy Code §542 for turnover of the funds in the approximate amount of $113,000 ("Funds") currently being withheld by Wachovia Bank, N.A. (the "Bank") to Telligenix; and (ii) to determine the extent of the automatic stay pursuant to Bankruptcy Code §362, and in support thereof states as follows:

1. On October 8, 2009, ("Petition Date") Telligenix, the debtor herein, filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C.§§ 157 and 1334.

3. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedural and Factual Background

### A. The Debtor's Business Operations

4. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is in the retail seminar business and offers the following services: (i) product management; (ii) sales and marketing services; (iii) live event management; (iv) customer relations; and (v) technology development.

6. On October 1, 2009, the following entities were merged into Telligenix: (i) American Cash Flow Corporation; (ii) TWG, LLP; (iii) Business Skills Corporation f/k/a Securities Trading Corporation; (iv) Dynetech Acquisition I, LLC; (v) Dynetech Acquisition II, LLC; (vi) Dynetech Training & Simulation Corporation; (vii) Dynetech Services Corporation; (viii) Dynetech Corporation; (ix) My Media Works.com Corporation; and (x) The B2G Group, Inc.

7. Prior to the Petition Date, the Debtor and its affiliates deposited some of the income received pursuant to all of its various business operations in the following accounts: (i) 10345; (ii) 10390; (iii) 10400; (iv) 03452 (collectively, the "Accounts") with the Bank. As of September 18, 2009, approximately $113,000 had been deposited into the Accounts by either Telligenix, American Cash Flow Corporation, Dynetech Training & Simulation Corporation, or The B2G Group, Incorporated. As of the Petition Date, the Accounts were all property of Telligenix

## B. EX PARTE PRELIMINARY INJUNCTION

8. On or about September 18, 2009, the State of Texas filed a Verified Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "Petition") against Telligenix and certain non-debtors (collectively, the "Defendants") in the case styled State of Texas v. B2G Venture, Inc. et al., in the Fifteenth Judicial District of the District Court of Harris County, Texas, cause number 2009-60031 (the "Texas Litigation").

9. In the Texas Litigation, the Attorney General, Consumer Protection and Public Health Division ("AG"), alleges that the Defendants have violated the Texas Deceptive Trade Practice Act and the Texas Business Opportunity Act and are seeking damages in the approximate amount of ten billion dollars, as well as injunctive relief.

10. On or about September 18, 2009, the state court entered an *Ex Parte* Temporary Restraining Order against Defendants (the "TRO"). The TRO was predicated upon the assertion that the

> Defendants will continue to use deceptive tactics and misrepresentations and may well dissipate and secrete their assets before a Temporary Injunction hearing can be held and a final judgment for restitution can be rendered... Given the likelihood of dissipation of Defendants' assets prior to rendition of a final judgment, the possibility of restitution for consumers will be remote unless an order freezing certain assets is granted. TRO, p. 2. (A copy of the TRO is attached hereto as **Exhibit A** and is incorporated herein by reference.)

11. The TRO provides that the Defendants are restrained engaging in the following:

A. Transferring, spending, hypothecating, concealing, encumbering, withdrawing, removing, dissipating, distributing, or allowing the transfer, removal, withdrawal or encumbering from any financial institution or from any other entity or location or from the jurisdiction of this Court, any money, cash, stocks, bonds, assets, notes, equipment, funds, accounts receivable, polices of insurance, trust agreements, or other property, real,

personal or mixed, wherever situated, belonging to or owned by, in possession or custody of, standing in the name of Defendants without further order of this Court. TRO, p. 3.

12. The TRO also places the following additional restrictions on the Defendants:

> ...prohibited from transferring, spending, encumbering, withdrawing, or removing any sum of money from any account(s), assets or property referenced in paragraph one (1) of this Order or from any other such account(s) and assets **where monies or proceeds from the operation of any business used in connection with B2G workshops as referenced in the Original Verified Petition have been used, placed, deposited, transferred, invested or commingled**. TRO, p. 3 (emphasis added).

13. On or about October 1, 2009, the AG filed a First Amended Verified Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "Amended Petition"). In the Amended Petition, the AG alleges as grounds for the seizure of all of the Defendants property a single business enterprise theory which asserts alter ego liability, joint and several liability, and fraudulent transfer transferee liability. Amended Petition, pp. 7, 10, 11, and 14.

> The funds paid by Texas consumers for the seminars were paid directly to Defendant Business Skills Corporation. On information and belief, Business Skills Corporation functioned as a conduit for the flow of funds to the other Defendants. On information and belief, funds paid by Texas consumers for the B2G seminars were ultimately transferred to Defendant Telligenix Corporation. Amended Petition, p.10. (A copy of the Amended Petition is attached hereto as **Exhibit B** and is incorporated herein by reference.)

14. The Amended Petition also pleads a count for the equitable remedies of disgorgement and restitution. The Amended Petition seeks the disgorgement of "all monies fraudulently taken from **Texas individuals and businesses** together with all proceeds, profits, income, interest and accessions thereto." Amended Petition, p. 14. The AG also requests that the state court "order Defendants to make restitution

and disgorge the sum of all money, or the equivalent of money, paid **by Texas consumers to Defendants** as a fee for rendition of their 'products' or 'services.'" See id. at 15.

15. The evidentiary hearing on the Application for Temporary Injunction against the Defendants has been scheduled for October 16, 2009.

16. The Debtor has ceased all business operations in Texas, and the last time a sales event for the B2G product was held in the State of Texas was during the week ending July 25, 2009, with related training, taking place during the week ending August 8, 2009.

### C.  TURNOVER FROM WACHOVIA

17. On October 9, 2009, Anthony Vergopia ("Vergopia"), the president of Telligenix, advised the Bank of the Debtor's filing a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, and requested the turnover of the Funds. A copy of the correspondence to the Bank is attached hereto as **Exhibit C** and is incorporated herein by reference.

18. Based upon the Debtor's liquidity position and cash burn during this period of time, any funds frozen in the Accounts were not generated from either the sales or training event held in Dallas during either the weeks ending July 25, 2009 and August 8, 2009.

19. The Bank refused to release the Funds and close the Account. Despite phone calls and correspondence, the Bank has not responded to the Debtor's demand for turn over.

20. Since October 9, 2009, Telligenix has been attempting to consensually obtain the Funds without Court intervention. However, the Bank has not responded to the Debtor's demand for turn over.

21. Pursuant to Bankruptcy Code §542(b), Telligenix seeks an order directing immediate turnover by the Bank of the Funds. In addition, Telligenix, pursuant to Bankruptcy Code §362, seeks an order determining that the automatic stay precludes enforcement of the TRO.

## LEGAL ARGUMENT

22. The Bankruptcy Code exempts from the automatic stay actions "by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. §362(b)(4). The legislative history of Section 362(b)(4) demonstrates that Congress intended this exception to apply to suits by governmental units "to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar regulatory laws." S.Rep. No. 989, 96th Cong., 2d Sess.52, reprinted in 1978 U.S.C.C.A.N. 5787, 5838. The police power exception, however, "must be distinguished, case-by-cases if necessary, from other governmental powers and activities such as raising revenue." Goff v. Oklahoma, 159 B.R. 33, 40 (Bankr. N.D. Okla. 1993).

23. In assessing the applicability of the police power exception, courts must first determine whether the action as issue "relates to a matter of public safety and health or primarily to the protection of the government's pecuniary interest in the debtor's property." Berg v. Good Samaritan Hospital, 198 B.R. 557, 561 (9th Cir. BAP 1996).

24. The Debtor does not dispute that the police power exception to the automatic stay does not preclude the AG from enforcing the conduct prohibition provisions of the TRO. However, the Debtor does dispute the applicability of the police power exception to the continued enforcement of the TRO as it relates to the freezing of assets not related to the funds held outside of Texas and not derived from Texas consumers, which is the subject of the Amended Petition.

25. The continued enforcement of the seizure of the Funds gives the AG an unfair advantage over other creditors, which effectively subverts the scheme of priority set forth in Section 507, and effectively denies the Debtor the benefits of the fresh start provisions of the Bankruptcy Code. This

preference would violate the most fundamental principle of bankruptcy law, the principle of "equality of distribution among creditors of the debtor." Coral Petroleum, Inc. v. Banque Paribas-London, 797 F. 2d 1351, 1355 (5th Cir. 1986).

26. Absent statutory or other legal authority or the ability to grant final equitable relief, a federal court has no inherent equitable power to attach a defendant's assets before judgment as a means of insuring that the plaintiff can enforce a money judgment once obtained. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond, Inc., 527 U.S. 308, 333 (1999). Even when specific authority exists for such prejudgment attachment, "[t]he general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." Dixie Carriers, inc. v. Channel Fueling Service, Inc., (In re Fredeman Litigation), 843 F. 2d 821, 824 (5th Cir. 1988).

27. To the extent the AG seeks to enforce the TRO to enjoin the debtor's use of funds unrelated to the funds paid by Texas consumers to Defendants as a fee for rendition of their "products" or "services," it goes beyond "a reasonable measure to preserve the status quo pending final determination" of the merits of the Texas Litigation. Deckert v. Independence Shares Corp., 311 U.S. 282, 287-88 (1940).

28. The AG's attempt to continue to enforce the TRO to enjoin the Debtor's use of funds that are unrelated to the conduct at issue in the Texas Litigation is equivalent to enforcing a money judgment. In circumstances where the purpose of the governmental unit is to liquidate its monetary claim for penalties and there is no longer a continuing risk to public health, safety or welfare, the police power exception does not apply. See In re W.R. Grace & Co., 384 B.R. 678, 682 (Bankr. D. Del. 2008).

## CERTIFICATE OF NECESSITY
## OF REQUEST FOR EMERGENCY HEARING

29.     The inability of the Debtor to recover the Funds and secure all assets of the estate, threatens the overall administration of Debtor's estate and distributions to creditors. Moreover, without the use of the frozen Funds, the Debtor may be unable to meet payroll obligations due October 16, 2009.

30.     The Debtor and its Counsel, through attempted phone conversations and correspondence with the Bank have been seeking the turnover of the Funds since October 9, 2009.

31.     The emergency nature of this request is evidenced by the Bank's continued refusal to turn over property of the estate.

32.     The Debtor estimates that approximately one-half hour will be necessary for a hearing on this motion.

33.     A copy of this motion has been served on the Bank, the AG, and the United States Trustee; notice of the hearing will be given to the same persons.

34.     The Debtor and its Counsel are prepared to appear on two hours' notice at a hearing to demonstrate that the request for an emergency hearing is not the result of the Debtor's or Counsel's procrastination or lack of attention.

**WHEREFORE,** Telligenix Corporation, respectfully requests this Court enter an order requiring the turn over of the Funds, determining the applicability of the automatic stay, and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED**, this 13th day of October, 2009.

/s/ R. Scott Shuker
R. Scott Shuker, Esquire
Florida Bar No.: 984469
Mariane L. Dorris, Esquire
Florida Bar No.: 0173665
**LATHAM, SHUKER,**
**EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P.O. Box 3353
Orlando, Florida 32802-3353
Tel: (407) 481-5800
Fax: (407) 481-5801
Attorneys for Telligenix Corporation

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 6:09-bk-15238-KSJ** |
| **TELLIGENIX CORPORATION,** | **CHAPTER 11** |
| Debtor. _____/ | **EMERGENCY HEARING REQUESTED ON OCTOBER 14, 2009** |

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of TELLIGENIX CORPORATION'S EMERGENCY MOTION: (I) FOR TURNOVER OF PROPERTY TO THE ESTATE FROM WACHOVIA BANK, N.A.; AND (II) TO DETERMINE APPLICABILITY OF AUTOMATIC STAY, has been furnished by either, **electronic, facsimile and/or U.S. First Class, postage prepaid mail** to: Telligenix Corporation, Attn: Anthony Vergopia, President, PO Box 2228, Orlando, FL 32802-2228; Stephen Rosin, General Counsel, Telligenix Corporation; PO Box 2228, Orlando, FL 32802-2228; Janet Dan, Esq., Assistant Attorney General Consumer Protection Division, 808 Travis, Suite 1520, Houston, Texas 77002; Wachovia Bank, N.A., Legal Order Processing Department, P.O. Box 8667, Mail Code PA4412, Philadelphia, PA 19101-8667 (by facsimile 215-973-2573) and (704-383-1383); Ms. Malorie Marriott, Branch Manager, Wachovia Bank, N.A., 20 N. Orange Ave., Suite 100, Orlando, Florida 32801; Ms. Lilian Iyahen, Branch Manager, Wachovia Bank, N.A., 808 Travis, 1st Floor, Houston, Texas 77002; United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; and by **U.S. First Class, postage prepaid mail** to: the Local Rule 1007-2 parties-in-interest list as shown on the matrix attached to the original motion filed with the Court, this 13th day of October, 2009.

/s/ R. Scott Shuker
R. Scott Shuker, Esquire

```
Label Matrix for local noticing        Allen & Vellone, P.C                   America Express
113A-6                                 1600 Stout St, Suite 1100              US PAYMENT FL
Case 6:09-bk-15238-KSJ                 Denver, CO 80202-3160                  2965 W Corporate Lake Blvd
Middle District of Florida                                                    Weston, FL 33331-3626
Orlando
Tue Oct 13 12:39:18 EDT 2009

B2G Venture, Inc                       Bank of America                        CIGNA HealthCare
2281 NW 53rd Street                    PO Box 15731                           CGLIC - CHATTANOOGA EASC
Boca Raton, FL 33496-3453              Wilmington, DE 19886-5731              5089 Collection
                                                                              Chicago, IL 60693-0050


Euro RSCG 4D DRTV                      Fred Steinberg, Inc.                   Get Motivated Seminars
2173 Salk Ave, Suite 300               2281 NW 53rd Street                    4710 Eisenhower Blvd #B-5
Carlsbad, CA 92008-7383                Boca Raton, FL 33496-3453              Tampa, FL 33634-6300



Paul J Keenan Jr                       Jill E Kelso                           Lincoln Orlando Hldgs, LLC
Greenberg Traurig, P.A.                United States Trustee                  111 N Magnolia Ave #111
1221 Brickell Avenue                   135 West Central Boulevard Suite 620   Orlando, FL 32801-2364
Miami, FL 33131-3238                   Orlando, FL 32801-2440



Lincoln Orlando Holdings LLC           Livemercial                            Mercury Printers and
c/o Paul J Keenan Jr Esq               Attn:  Debbie Reynolds                 Promotions, Inc
Greenberg Traurig PA                   3001 Leonard Dr                        1010 Virginia Drive
1221 Brickell Ave                      Valparaiso, IN 46383-2733              Orlando, FL 32803-2532
Miami FL 33131-3238


Multiple Streams of Income             New York Times                         NorthWest Mailing Service
5072 North 300 West                    Att : John Degrazio                    5501 W Grand Avenue
Provo, UT 84604-5652                   620 Eighth Avenue                      Chicago, Illinois 60639-2909
                                       New York, NY 10018-1618



Original Resources, Inc                Royal Bank of America                  R Scott Shuker
Attn:  Cherif Medawar                  550 Twp. Line Road #425                Latham Shuker Eden & Beaudine LLP
18622 Rocoso Pl                        Blue Bell, PA 19422                    Post Office Box 3353
Tarzana, CA 91356-5322                                                        Orlando, FL 32802-3353



Straus & Boies, LLP                    Torina Media, Inc.                     Turner Construction Company
730 17th Street, Suite 550             202 East Hornbeam Drive                800 N. Magnolia Ave #500
Denver, CO 80202-3539                  Longwood, FL 32779-2531                Orlando, FL 32803-3200



United States Trustee - ORL            Xerographic Digital Printing           End of Label Matrix
135 W. Central Blvd., Suite 620        1948 - 33rd Street                     Mailable recipients   25
Orlando, FL 32801-2440                 Orlando, FL 32839-8856                 Bypassed recipients    0
                                                                              Total                 25
```