UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    CASE NO. 6:09-bk-15238-KSJ

TELLIGENIX CORPORATION,                CHAPTER 11

　　　　Debtor.
_____/

TELLIGENIX CORPORATION'S MOTION FOR AN ORDER
APPROVING: (i) SALE OF ASSET (URL) FREE AND CLEAR OF LIENS;
AND (ii) APPROVAL OF FUTURE SALES OF URLS FREE AND CLEAR OF LIENS

TELLIGENIX CORPORATION ("Telligenix" or "Debtor"), debtor-in-possession, hereby moves, pursuant to 11 U.S.C. §363(b) and (f) for an order approving: (i) the sale of one of its Uniform Resource Locators (global addresses of documents and other resources on the World Wide Web) ("URLs") to Diversified Investment Services, Inc. (the "Purchaser") free and clear of any liens, claims, or interests, as set forth in the Letter of Intent dated December 1, 2009; and (ii) the future sale of URLs free and clear of any liens, claims, or interests, ("Motion"), and in support thereof states as follows:

## JURISDICTION

1.　　On October 8, 2009, Telligenix filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code (the "Code"). No trustee has been appointed, and the Debtor continues to operate its business and manage its property as Debtor-in-Possession under §§1107(a) and 1108 of the Code.

2.　　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b).

## FACTUAL AND PROCEDURAL BACKGROUND

3. The Debtor is in the retail seminar business and offers the following services: (i) product management; (ii) sales and marketing services; (iii) live event management; (iv) customer relations; and (v) technology development.

4. On October 1, 2009, the following entities were merged into Telligenix: (i) American Cash Flow Corporation; (ii) TWG, LLP; (iii) Business Skills Corporation f/k/a Securities Trading Corporation; (iv) Dynetech Acquisition I, LLC; (v) Dynetech Acquisition II, LLC; (vi) Dynetech Training & Simulation Corporation; (vii) Dynetech Services Corporation; (viii) Dynetech Corporation; (ix) My Media Works.com Corporation; and (x) The B2G Group, Inc.

5. The Purchaser is a Washington corporation engaged in brokerage services and investments. Telligenix desires to sell the URL, www.fireyourboss.com, to the Purchaser.

6. The Debtor has other URLs that it may wish to sell during the pendency of the bankruptcy case; however, the requirements for a separate sale motion and hearing for each individual URL sale will cause the potential sales to be cost prohibitive.

## LETTER OF INTENT

7. On December 1, 2009, the Purchaser delivered to the Debtor an offer to the purchase the URL, www.fireyourboss.com, for the amount of $10,000.00 USD (the "LOI"). A copy of the LOI is attached hereto as **EXHIBIT "A"**.

8. The URL, www.fireyourboss.com, would be transferred through GoDaddy, Inc., where both parties have domain accounts.

9.  The LOI is conditioned upon approval by this Court.

## REQUESTED RELIEF

10. The Debtor seeks an order approving the LOI and allowing the sale of the URL, www.fireyourboss.com, free and clear of any interest of an entity other than the estate, to the Purchaser.

11. In addition, the Debtor also requests to have any future sales of URLs noticed pursuant to the 15 (fifteen) day negative notice period provided by Local Rule 2002-4 of the Local Rules for the Middle District of the United Sates Bankruptcy Court, Orlando Division.

12. This Court has the statutory authority, pursuant to 11 U.S.C. §363 (b) and (f) to grant the relief requested in this Motion.

13. In determining whether to approve an asset sale under 11 U.S.C. §363, a court should apply the "business judgment" test, which is whether, under the debtor's business judgment, sale of the asset would be beneficial to the debtor's estate. *See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993). Any scrutiny by a court beyond the debtor's business judgment would only slow the administration of the debtor's estate and increase costs. *See, e.g. Richmond Leasing Co. v. Capital Bank, N.A.*, 726 F.2d 1303, 1311 (5th Cir. 1985) (citations omitted).

## SOUND BUSINESS JUDGMENT AND SALE OF ASSETS

14. A debtor's assets may be sold outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

15. Courts have held that Chapter 11 debtor attempting to sell assets outside the ordinary course of business and outside of a plan of reorganization must comply with 11 U.S.C. §363 and must meet the "sound business purpose" test. See *In re Titusville Country Club*, 128 B.R. 396, 399 (W.D. Penn. 1991)(*citing Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987); *In re Sovereign Estates, Ltd.*, 104 B.R. 702 (Bankr. E.D. Pa. 1989)). Courts have determined the "sound business purpose" test requires that transactions should be approved under section 363(b)(1) when (a) they are supported by the sound business judgment of the debtor's management, (b) interested parties are provided with adequate and reasonable notice, (c) the sale price is fair and reasonable, and (d) the purchaser is acting in good faith. See In re Delaware & Hudson Rv. Co., 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987).

16. The standard requires the directors of a corporation to act on an informed basis, in good faith and in the honest belief that the action is in the best interests of the company. In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992). In determining whether the debtor has employed reasonable business discretion with regard to the sale of the asset, the court must only determine that the sale will benefit the estate and generally will defer to the business judgment of the debtor's management. In re G. Survivor Corp., 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994) citing In re Bildisco, 682 F. 2d 72, 79 (3d Cir. 1982).

In re: Telligenix Corporation
Case No. 6:09-bk-15238-KSJ

4

U:\Bkry\Telligenix Corp\Pldg\sale mtn-url.wpd\

17. In evaluating its business, the Debtor has determined that the sale of the URL, www.fireyourboss.com, would be beneficial to the estate and to the reorganization of the Debtor.

18. Based on the evaluation of the URL, www.fireyourboss.com, the Debtor believes that the purchase price is fair and reasonable.

19. The LOI is the product of good faith and arm's-length negotiations between the Debtor and Purchaser.

20. The Debtor has served this Motion on: (i) the Office of the United States Trustee; (ii) the Purchaser; (iii) all entities known to have asserted any lien, claim, encumbrance, or other property interest in the URL, www.fireyourboss.com,; (iv) all persons on the Local Rule 1007-2 parties-in-interest list (attached); and (v) taxing authorities.

21. Pursuant to Section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell all or any part of its property free and clear of any and all liens, claims, encumbrances or interests in such property if: (i) such sale is permitted under applicable non-bankruptcy law; (ii) the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See* 11 U.S.C. §363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988). Section 363(f) is written in the disjunctive - the court may approve a sale "free and clear" provided at least one of the subsections is met.

22. Upon information and belief all parties asserting any interest or lien (collectively, the "Interest Holders") in the URL, www.fireyourboss.com, will consent to the relief requested in this Motion.

23. Even if the Interest Holders do not consent to the relief requested in this Motion, the Debtor asserts that the Interest Holders could be compelled in a legal or equitable proceeding to accept a money satisfaction for its interest, or such liens are subject to a bona fide dispute.

**WHEREFORE**, Telligenix Corporation respectfully requests this Court enter an order: (i) approving the LOI; (ii) approving the sale of the URL, www.fireyourboss.com, free and clear of all liens, claims and interests; (iii) approving the future sales of any URLs free and clear of all liens, claims and interests pursuant to the 15 (fifteen) day negative notice period provided by Local Rule 2002-4 of the Local Rules for the Middle District of the United Sates Bankruptcy Court, Orlando Division; and (iv) for such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of the Motion.

**RESPECTFULLY SUBMITTED** this 14th day of January, 2010.

/s/ Mariane L. Dorris
R. Scott Shuker, Esquire
Florida Bar No. 984469
Mariane L. Dorris, Esquire
Florida Bar No. 0173665
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for Telligenix Corporation

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                             CASE NO. 6:09-bk-15238-KSJ

TELLIGENIX CORPORATION,                            CHAPTER 11

        Debtor.
_____/

## Certificate of Service

**I HEREBY CERTIFY** that a true copy of TELLIGENIX CORPORATION'S MOTION FOR AN ORDER APPROVING: (i) SALE OF ASSET (URL) FREE AND CLEAR OF LIENS; AND (ii) APPROVAL OF FUTURE SALES OF URLS FREE AND CLEAR OF LIENS, together with all exhibits, has been furnished by U.S. First Class mail, postage prepaid, to: Telligenix Corporation, Attn: Laurence J. Pino, President, 2200 Lucien Way, Suite 400, Maitland, Florida 32751; Roy S. Kobert, Esq. a/f The Official Committee of Unsecured Creditors, P.O. Box 4961, Orlando, Florida 32802; Fred Rewey, Vice President, Diversified Investment Services, Inc., 7512 Dr. Phillips Blvd., Suite 50-250, Orlando, Florida 32819; the Local Rule 1007-2 parties-in-interest list, as shown on the matrix attached hereto; and to the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, the 14th day of January, 2010.

                                            /s/ Mariane L. Dorris
                                            Mariane L. Dorris, Esquire



## Diversified Investment Services, Inc.

December 1, 2009
*Sent via email*


Dynetech Corporation
111 N. Magnolia Ave.,
Suite 600
Orlando, FL 32801-2367


Dear Larry Pino:

We are interested in purchasing the url www.fireyourboss.com from your organization and are prepared to purchase the url for the amount of $10,000.00 USD (Ten thousand and 00/100 dollars).

Attached you will find an independent appraisal from Godaddy. Although we feel Godaddy is evaluating the url value based on current conditions, we also believe it has strong marketing potential to substantiate our higher offer.

If acceptable, the domain would be transferred through GoDaddy, Inc., where we both currently have domain accounts.

All the best,


Fred Rewey
Diversified Investment Services, Vice President


Corporate Office: 7512 Dr. Phillips Blvd., Suite 50-250, Orlando FL 32819
Phone: 407-909-0825  Toll Free: 888-999-7905  Fax: 407-909-0826

**EXHIBIT "A"**

```
Label Matrix for local noticing      Allen & Vellone PC                  America Express
113A-6                               Patrick D Vellone Esq               US PAYMENT FL
Case 6:09-bk-15238-KSJ               1600 Stout St  Suite 1100           2965 W Corporate Lake Blvd
Middle District of Florida           Denver CO 80202-3160                Weston, FL 33331-3626
Orlando
Thu Jan 14 12:14:53 EST 2010

B2G Venture, Inc                     Bank of America                     CIGNA HealthCare
2281 NW 53rd Street                  PO Box 15731                        CGLIC - CHATTANOOGA EASC
Boca Raton, FL 33496-3453            Wilmington, DE 19886-5731           5089 Collection
                                                                         Chicago, IL 60693-0050


Consumer Protection and              Euro RSCG 4D DRTV                   Steven M Feder
Public Health Division of Texas      2173 Salk Ave, Suite 300            Straus & Boies, LLC
Atty Generals Office                 Carlsbad, CA 92008-7383             730 17th Street, Suite 550
Po Box 12548  MC 008                                                     Denver, CO 80202-3539
Austin  TX  78711 2548


Fred Steinberg, Inc.                 John V Garaffa                      Get Motivated Seminars
2281 NW 53rd Street                  777 S  Harbour Island Blvd          4710 Eisenhower Blvd #B-5
Boca Raton, FL 33496-3453            Suite 500                           Tampa, FL 33634-6300
                                     Tampa, FL 33602-5723


Elizabeth A Green                    IKON Office Solutions               Jill E Kelso
Baker & Hostetler LLP                Recovery & Bankruptcy Group         United States Trustee
200 S Orange Ave                     3920 Arkwright Road                 135 West Central Boulevard Suite 620
Suntrust Center, Suite 2300          Suite 400                           Orlando, FL 32801-2440
Orlando, FL 32801-3410               Macon  GA 31210-1748


Paul J Keenan Jr                     Roy S Kobert                        Lincoln Orlando Hldgs, LLC
Greenberg Traurig, P.A.              Post Office Box 4961                111 N Magnolia Ave #111
1221 Brickell Avenue                 Orlando, FL 32802-4961              Orlando, FL 32801-2364
Miami, FL 33131-3238


Lincoln Orlando Holdings LLC         Livemercial                         Mercury Printers and
c/o Paul J Keenan Jr Esq             Attn:  Debbie Reynolds              Promotions, Inc
Greenberg Traurig PA                 3001 Leonard Dr                     1010 Virginia Drive
1221 Brickell Ave                    Valparaiso, IN 46383-2733           Orlando, FL 32803-2532
Miami FL 33131-3238


Microsoft Corp                       Multiple Streams of Income          New York Times
Microsoft Licensing GP               5072 North 300 West                 Att : John Degrazio
Riddell Williams PS                  Provo, UT 84604-5652                620 Eighth Avenue
1001 Fourth Ave Ste 4500                                                 New York, NY 10018-1618
Seattle WA 98154-1065


NorthWest Mailing Service            OMNI 2 MAX                          Original Resources, Inc
5501 W Grand Avenue                  John V Garaffa Esq                  Attn:  Cherif Medawar
Chicago, Illinois 60639-2909         777 S  Harbour Island Blvd          18622 Rocoso Pl
                                     Suite 500                           Tarzana, CA 91356-5322
                                     Tampa  FL 33602-5723


Royal Bank of America                Joseph E Shickich Jr                R Scott Shuker
550 Twp. Line Road #425              Ridell Williams PS                  Latham Shuker Eden & Beaudine LLP
Blue Bell, PA 19422                  1001 4th Avenue                     Post Office Box 3353
                                     Suite 4500                          Orlando, FL 32802-3353
                                     Seattle, WA 98154-1065
```

| | | |
|---|---|---|
| State of Florida Dept Legal Affairs<br>Office of the Attorney General<br>Katherine E Timon Esq<br>135 W Central Blvd Suite 1000<br>Orlando FL 32801-2437 | Stephen Rosin<br>General Counsel Telligenix Corp<br>PO Box 2228<br>Orlando FL 32802 2228 | Straus & Boies LLC<br>c/o Steven M Feder Senior Counsel<br>730-17th Street Suite 550<br>Denver CO 80202-3539 |
| Straus & Boies, LLP<br>730 17th Street, Suite 550<br>Denver, CO 80202-3539 | TW Telecom Inc<br>10475 Park Meadows Dr. #400<br>c/o Linda Boyle<br>Littleton, CO 80124-5454 | Tennessee Department of Revenue<br>c/o TN Attorney General's Office<br>Bankruptcy Division<br>P O Box 20207<br>Nashville TN 37202-4015 |
| The Consumer Protection and<br>Public Health Division<br>Texas Atty Generals Office<br>PO Box 12548 MC-008<br>Austin Texas 78711 2548 | Torina Media, Inc.<br>202 East Hornbeam Drive<br>Longwood, FL 32779-2531 | Turner Construction Company<br>800 N. Magnolia Ave #500<br>Orlando, FL 32803-3200 |
| Turner Construction Company<br>c/o Elizabeth A Green Esq<br>Baker & Hostetler LLP<br>200 South Orange Ave Suite 2300<br>Orlando FL 32801-3432 | United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | Patrick D Vellone<br>Allen & Vellone PC<br>1600 Stout Street<br>Suite 1100<br>Denver, CO 80202-3160 |
| Stuart Wilson-Patton<br>Tennessee Attorney General's Office<br>Post Office Box 20207<br>Nashville, TN 37202-4015 | Xerographic Digital Printing<br>1948 - 33rd Street<br>Orlando, FL 32839-8856 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Jill E Kelso<br>United States Trustee<br>135 West Central Boulevard Suite 620<br>Orlando, FL 32801-2440 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     1<br>Total                  44 |