UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| TELLIGENIX CORPORATION, ) | Case No. 6:09-bk-15238-KSJ |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO TREAT LINCOLN ORLANDO HOLDINGS, LLC'S ADMINISTRATIVE CLAIM AS A PRE-PETITION CLAIM FOR PURPOSES OF SET-OFF UNDER 11 U.S.C. § 553

The debtor, Telligenix Corporation, previously occupied many square feet of commercial space in a prominent Orlando office building subject to a lease with Lincoln Orlando Holdings, LLC. Shortly after filing this Chapter 11 case, the debtor rejected its lease and, undisputedly, owes $2,436,628 in pre-petition, rejection damages.[1] In addition, the debtor owes Lincoln $284,052.22 for approximately three months of post-petition unpaid rent.[2] The issue is whether the debtor can force Lincoln to apply the debtor's $1.5 million security deposit first to pay the unpaid post-petition rent, which generally is treated as an administrative claim, before allowing a setoff of the balance of the security deposit against the rejection damages. By its motion,[3] the debtor presents the novel argument that the Court should treat Lincoln's administrative claim as a pre-petition claim subject to set-off under § 553(a) of the Bankruptcy Code.[4] Because § 553(a) of the Bankruptcy Code preserves a creditor's right to set off only pre-petition claims, and because Lincoln's administrative claim is not a pre-petition claim, the Court will deny the debtor's motion.

---

[1] The debtor withdrew its objection to Lincoln's claim for rejection damages, Claim No. 402, thereby indicating its consent to the amount (Doc. No. 264).
[2] Doc. Nos. 100 and 198.
[3] Doc. No. 271.
[4] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

In 2009, the debtor's predecessor, Dynatech Corporation, and Lincoln modified the parties' 2005 lease agreement.  The debtor posted a $1.5 million security deposit in exchange for Lincoln's agreement to forebear further collection efforts on then due but unpaid rent.  The debtor later filed this Chapter 11 case on October 8, 2009.  The debtor then rejected its lease with Lincoln, effective as of the last date of its occupancy, December 31, 2009.[5]  The debtor does not dispute the amount of Lincoln's pre-petition rejection damages ($2,436,052.22) but requested the "opportunity to object or file an appropriate motion with regard to the manner in which the Security Deposit is applied," which the Court granted.[6]

The debtor now asks the Court to hold that Lincoln's administrative claim ($284,052.22) is really a pre-petition claim for purposes of § 553(a) and that the Court should force Lincoln to offset its administrative claim against the security deposit *before* offsetting its pre-petition rejection damages claim.  The debtor's request is understandable: if Lincoln must first offset its rejection damages claim, no portion of the security deposit will remain to pay Lincoln's administrative claim.  Because § 1129(a)(9) of the Bankruptcy Code requires a debtor to pay all administrative claims in full in order to confirm a plan of reorganization, and because Telligenix lacks the funds to pay its substantial administrative claims if the $284,000 amount due to Lincoln for post-petition rent is included, the debtor likely will fail in its reorganization efforts.  On the other hand, if Lincoln is required to first offset its administrative claim against the security deposit, the debtor's chances of successfully reorganizing improve.

Although the Court is sympathetic to the debtor's financial plight and acknowledges that the goal of every Chapter 11 case is to facilitate the reorganization of a viable debtor and to maximize payments to creditors, neither the Bankruptcy Code nor case law supports the debtor's

---

[5] Doc. Nos. 78 and 107.
[6] Lincoln's Proof of Claim No. 402; Doc. No. 215.

position. Section 553(a) of the Bankruptcy Code preserves a creditor's right to offset only with regard to pre-petition claims between the debtor and the creditor:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor *that arose before the commencement of the case* under this title against a claim of such creditor against the debtor *that arose before the commencement of the case*. (emphasis added)

The Court of Appeals for the Eleventh Circuit has held that the plain language of this section means exactly what it says: "In preserving the right of setoff, Section 553 requires that the obligation between the debtor and creditor arose before filing the bankruptcy petition …."[7]

A rejection damages claim is deemed to arise pre-petition under §§ 365(g) and 502(g) of the Bankruptcy Code. Section 365(g) states that "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease— (1) … immediately before the date of the filing of the petition." And more to the point, under § 502(g), a lessor's claim arising out of a debtor's rejection of an unexpired lease shall be allowed "the same as if such claim had arisen before the date of the filing of the petition," despite the fact that the rejection took place after the commencement of the case. Accordingly, bankruptcy courts routinely allow a landlord to offset rejection damages claims against security deposit funds, as this Court already has done in this case.[8]

Unlike rejection damages claims, the Bankruptcy Code does not treat administrative claims as arising before the commencement of the case. To the contrary, administrative claims are by definition claims against the estate for the costs the trustee or debtor-in-possession incurs post-petition in preserving the estate.[9] Indeed, one of the cases cited by debtor from the Bankruptcy Court for the Northern District of Ohio[10] makes clear that administrative claims are

---

[7] *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992).
[8] Doc. No. 215.
[9] Bankruptcy Code § 503(b)(1)(A) states "…there shall be allowed administrative expenses…including the actual, necessary costs and expenses of preserving the estate…"
[10] *In re Highland Group, Inc.*, 136 B.R. 475, 480-81 (Bankr. N.D. Ohio 1982).

reserved for services provided to a debtor post-petition. As the court in *Highland Group* explained, Congress provided administrative priority to claims for services provided to the debtor post-petition in order to give companies an incentive to keep doing business with reorganizing debtors. Giving post-petition suppliers a priority payment benefit certainly improves the chance that a Chapter 11 debtor will succeed.

Therefore, it is no surprise that bankruptcy courts routinely grant administrative priority status to claims for unpaid post-petition rent. This Court previously has held that, under §§ 365(d)(3)[11] and 503(b)(1), a lessor is *automatically* entitled to an administrative expense claim for rent accruing post-petition.[12] Although such post-petition rents almost always flow from a lease that was signed pre-petition, the Court, however, is unaware of any court that has ever held such post-petition rents are considered to "arise" pre-petition.

The debtor now makes a new and unique argument that, because the underlying lease agreement with Lincoln is a *pre-petition* contract, a claim for rent arising under the lease, whether accruing before *or* after the bankruptcy is filed, is properly considered "a claim that arose before the commencement of the case," as required by § 553(a). The debtor cites several cases from other jurisdictions that dealt with various contract claims.[13] Notably, none of these cases dealt with post-petition rent due under a lease signed pre-petition.

Moreover, the debtor mischaracterizes these courts' analysis of administrative claims. The debtor, for example, cites *Highland Group*[14] for the proposition that a claim "based on a pre-petition contract was a pre-petition claim, even though the conduct giving rise to damages

---

[11] Section 365(d)(3) states "The trustee shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

[12] *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 899 (Bankr. M.D. Fla. 1997).

[13] *In re Highland Group, Inc.*, 136 B.R. at 480-81; *In re THC Financial Corp.*, 686 F.2d 799 (9th Cir. 1982); *In re Chateaugay Corp.*, 102 B.R. 335, 350-56 (Bankr. S.D.N.Y. 1989); *In re Grove*, 100 B.R. 417, 420 (Bankr. C.D. Ill. 1989).

[14] 136 B.R. at 481.

resulting from that agreement occurred post-petition."[15]  But that case held a creditor's indemnity claim arose pre-petition because the tortious act that gave rise to the claim (selling a defective trailer) occurred *pre-petition*, not because the indemnity agreement was signed pre-petition.  The claimant was attempting to have its indemnity claim treated as an administrative priority claim because its cause of action did not accrue until post-petition.  The Bankruptcy Court for the Northern District of Ohio, in rejecting the claimant's argument, very carefully explained the purpose of a post-petition administrative priority claim and how bankruptcy courts should analyze whether such claim arose pre- or post-petition.  It concluded: "The focus should be on the time when the act giving rise to the claim was performed…."[16]

Thus, even aside from the fact that *Highland Group* is irrelevant because it dealt with an indemnity claim, and also ignoring §§ 365(d)(3) and 503(b)(1) of the Bankruptcy Code *expressly* give commercial lessors an administrative priority claim for post-petition rent, the logic of the opinion undermines the debtor's argument.  There, the bankruptcy court focused on when the debtor sold the claimant the defective trailer—pre-petition—because that was the act that gave rise to claimant's indemnity claim.  It did not focus on when the parties signed the indemnity agreement.

Here, the relevant act is the debtor's continued occupancy of Lincoln's office space *after* the bankruptcy was filed.  Lincoln continued to provide the debtor with its offices for almost three months post-petition.  The pre-petition date that the parties entered into the lease agreement is irrelevant, just as the date the parties in *Highland Group* signed the indemnity agreement was irrelevant.

---

[15] Debtor's Motion, Doc. No. 271, at 5.

[16] *In re Highland Group, Inc.*, 136 B.R. at 481.

As the debtor admits, only the Bankruptcy Court for the Southern District of California has allowed a party to offset a pre-petition security deposit against a post-petition administrative claim for unpaid rent.[17] In that case, however, the lessor did not have a pre-petition rejection claim, and the party seeking setoff was a Chapter 7 trustee, not the creditor/lessor. Accordingly, *Standard Furniture* did *not* hold that an administrative claim for post-petition rent is a "claim that arose before the commencement of the case," as required under § 553(a), because that issue was not before the court.

As in *Standard Furniture*, there may be some narrow circumstances under which a party could offset a pre-petition security deposit against a post-petition administrative claim for unpaid rent, despite § 553(a). For this reason the Court stops short of holding that post-petition administrative priority claims can *never* be set off against pre-petition debts owed to the debtor. But these are not such circumstances. Lincoln sought, and this Court allowed, setoff of the security deposit funds. The debtor's post-petition rent liability simply did not "arise before the commencement" of this case. The Court now allows Lincoln to apply the security deposit funds against its pre-petition rejection damages claim as allowed by § 553(a).

Lincoln may offset its rejection damages claim against the debtor's security deposit funds in the full amount of the security deposit—$1,500,000. Lincoln shall have an unsecured claim for the remaining $936,052.22, and an administrative claim in the amount of $284,052.22. The debtor's motion[18] is denied. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on September 23, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

---

[17] *In re Standard Furniture Co.*, 3 B.R. 527, 531 (Bankr. S.D. Cal. 1980).
[18] Doc. No. 271.

Copies provided to:

Debtor:  Telligenix Corporation, 2200 Lucien Way, Suite 400, Maitland, FL  32751

Debtor's Attorney:  R. Scott Shuker, Latham Shuker Eden & Beaudine LLP, PO Box 3353, Orlando, FL  32802

United States Trustee, Attn:  Jill E. Kelso, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Creditor Committee Attorney:  Roy S. Kobert, PO Box 4961, Orlando, FL  32802

Lincoln Orlando Holdings, LLC, c/o Paul J. Keenan, Jr., Esq., Greenberg Traurig, PA, 1221 Brickell Avenue, Miami, FL  33131

Local Rule 1007-2 Parties-in-Interest